UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RAYMOND DIAZ,

                         Plaintiff,

    -against-

THE CITY OF NEW YORK,
POLICE OFFICER MARIELA ORTEGA
(TAX 954198),
POLICE OFFICER MICHAEL MONAHAN
(TAX 955210), AND
SERGEANT DAVON ALSTON,

                        Defendants.
------------------------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

17 CV 1844 (LAK)

JURY TRIAL DEMANDED

Plaintiff, **RAYMOND DIAZ**, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his First Ameded Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## NOTICE OF CLAIM

4. Plaintiff has filed a Notice of Claim with the Comptroller of the City of New York within 90

1

        days of the dismissal of his charges underlying this lawsuit. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

5. That Plaintiff, pursuant to General Municipal Law 50(h) was produced for a statutory hearing, and this action is commenced within one year and ninety days from the date the pendent claim herein for malicious prosecution accrued.

## VENUE

6. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

7. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8. Plaintiff, RAYMOND DIAZ, is, and has been, at all relevant times, a resident of the City and State of New York.

9. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

11. At all times hereinafter mentioned, the individually named defendant, POLICE OFFICER

MARIELA ORTEGA (TAX 954198) was a duly sworn member of said department and was acting under the supervision of said department according to her official duties. At all relevant times hereinafter mentioned, Defendant Ortega was a member of Patrol Borough Bronx, and she is currently assigned to PSA 7.

12. At all times hereinafter mentioned, the individually named defendant, POLICE OFFICER MICHAEL MONAHAN (TAX 955210) was a duly sworn member of said department and was acting under the supervision of said department according to his official duties. At all relevant times hereinafter mentioned, Defendant Monahan was a member of Patrol Borough Bronx, and he is currently assigned to the 47th Precinct.

13. At all times hereinafter mentioned, the individually named defendant, SERGEANT DAVON ALSTON was a duly sworn member of said department and was acting under the supervision of said department according to his official duties. At all relevant times hereinafter mentioned, Defendant Alston was a member of the 44th Precinct of the NYPD.

14.

15. At all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

16. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

17. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

18. On October 18, 2014, at approximately 1:45 a.m., plaintiff RAYMOND DIAZ was lawfully walking at or near the intersection of Davidson Avenue and North Street, in the County of Bronx, City and State of New York.

19. At that time and place, the Defendants arrived on duty.

20. The Defendants approached Plaintiff and searched him.

21. Plaintiff was not engaged in any suspicious or illegal activity.

22. There was no reasonable basis for the Defendants to approach and search Plaintiff.

23. The search revealed no evidence of any guns, drugs or contraband.

24. Plaintiff was not engaged in any suspicious, illegal, violent, or threatening behavior.

25. Despite the absence of any wrongdoing on the part of the Plaintiff, Defendants placed the Plaintiff in handcuffs, or ordered Plaintiff to be placed to be placed in handcuffs, and formally arrested him.

26. At no time on October 18, 2014 did Plaintiff commit any crime or violation of law.

27. At no time on October 18, 2014 did Defendants possess probable cause to arrest Plaintiff or to order Plaintiff's arrest.

28. At no time on October 18, 2014 did Defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest Plaintiff.

29. Nevertheless, Defendants thereafter transported Plaintiff to the stationhouse of a local area precinct.

30. Plaintiff was held for several hours at the stationhouse before he was transported to Bronx County Central Booking where he was held for several hours pursuant to false allegations made by the Defendants.

31. Plaintiff was eventually arraigned on a criminal complaint containing false allegations sworn to by Defendants Ortega and Monahan.

32. Upon information and belief, Defendant Alston also provided false allegations to the Bronx County District Attorney's Office in Support of Plaintiff's arrest.

33. Plaintiff was released from custody at his arraignment and was forced to return to court for several months before the charges against him were dismissed on September 13, 2016 on a motion of the district attorney.

34. The Defendants provided knowingly false and misleading information to prosecutors at the Bronx County District Attorney's Office.

35. Defendants Ortega and Alston informed the district attorney's office that they observed Plaintiff operating his vehicle, and that he appeared to be under the influence of alcohol or other drugs.

36. These statements are false and Defendants knew these statements were false when they were made.

37. In fact, upon information and belief, the Defendants did not observe Plaintiff operating a vehicle and did not observe him to be under the influence of alcohol or other drugs.

38. Defendants Ortega and Monahan also alleged that Plaintiff refused to take a chemical test analysis, yet they completed NYPD documentation noting that Plaintiff was administered an alcohol breath test.

39. The Defendants also alleged that Plaintiff possessed a knife inside of his vehicle.

40. However, as noted above, the Plaintiff was walking when the Defendants encountered him and, in any event, was not in possession of an illegal knife or any other contraband.

41. Pursuant to Defendants' false allegations, Plaintiff was charged with one count of criminal

possession in the fourth degree, two counts of operating a motor vehicle while under the influence of alcohol or drug.

42. As a result of the foregoing, Plaintiff Raymond Diaz sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

43. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

44. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. Section 1983.

45. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

46. The acts complained of were carried out by the aforementioned individual Defendants in their capacitates as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

47. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

48. Plaintiff RAYMOND DIAZ repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

49. As a result of the Defendants' conduct, Plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

50. As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was falsely arrested without probable cause.

## SECOND CLAIM FOR RELIEF FOR
## DENIAL OF RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

51. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

52. At no time did Defendants Ortega, Monahan, and Alston have any legal basis for commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

53. Defendants Ortega, Monahan, and Alston misrepresented and falsified evidence to the Bronx County District Attorney.

54. Defendants Ortega, Monahan, and Alston did not make a complete and full statement of facts to the District Attorney.

55. Defendants Ortega, Monahan, and Alston withheld exculpatory evidence from the District Attorney.

56. Defendants Ortega, Monahan, and Alston were directly and actively involved in the initiation

of criminal proceedings against Plaintiff.

57. Defendants Ortega, Monahan, and Alston lacked probable cause to initiate criminal proceedings against Plaintiff.

58. Defendants Ortega, Monahan, and Alston acted with malice in initiating criminal proceedings against Plaintiff.

59. Defendants Ortega, Monahan, and Alston directly and actively involved in the continuation of criminal proceedings against Plaintiff.

60. Defendants Ortega, Monahan, and Alston lacked probable cause to continue criminal proceedings against Plaintiff.

61. Defendants Ortega, Monahan, and Alston misrepresented and falsified evidence throughout all phases of the criminal proceedings against Plaintiff.

62. Notwithstanding the perjurious and fraudulent conduct of Defendants Ortega, Monahan, and Alston the criminal proceedings were terminated in Plaintiff's favor when his charges were dismissed.

63. Defendants Ortega, Monahan, and Alston failed to intervene on Plaintiff's behalf, despite their obligation and opportunity to do so.

64. By so doing, the individual Defendants, individually and collectively, subjected Plaintiff to fabrication of evidence, denial of fair trial, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

65. By reason thereof, the individual Defendants Ortega, Monahan, and Alston have violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

### THIRD CLAIM FOR RELIEF FOR
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

66. Plaintiff RAYMOND DIAZ repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

67. Defendants fabricated knowingly false material evidence and forwarded said evidence to prosecutors at the Bronx County District Attorney's Office.

68. As a result, Plaintiff suffered deprivation of his liberty, as he was required to make numerous court appearances to contest the false accusations against him.

69. As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was detained and falsely arrested, detained, and maliciously prosecuted without probable cause.

### AS AND FOR A FOURTH CAUSE OF ACTION
### MALICIOUS PROSECUTION
### PURSUANT TO STATE LAW

70. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

71. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

72. That as a direct, sole and proximate result of the malicious prosecution, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business

reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

73. By the actions described above, the Defendants caused plaintiff to be maliciously prosecuted without probable cause, illegally, without any proper claims, and without any right or authority to do so.  The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

74. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### FIFTH CLAIM FOR RELIEF
### FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

75. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

76. Defendants arrested, searched, and incarcerated plaintiff RAYMOND DIAZ, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety, and violate their constitutional rights.

77. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

78. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

79. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv. failing to properly train police officers in the requirements of the United States Constitution.

80. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

    iii. falsifying evidence and testimony to support those arrests;

    iv. falsifying evidence and testimony to cover up police misconduct.

81. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, RAMOND DIAZ.

82. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF

11

NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

83. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

84. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was placed under arrest unlawfully.

85. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

86. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

87. All of the foregoing acts by defendants deprived Plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants on each of the foregoing causes of action as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
June 25, 2018

                                  Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

/s/
By:  JESSICA MASSIMI (JM-2920)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020